UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JAMES DODD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:03 CV 961 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter arises on Movant Michael James Dodd's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed July 16, 2003. (Doc. No. 1). In 2003, Dodd pled guilty to one count of mail fraud. This Court sentenced him to 12 months and one day[1] imprisonment followed by supervised release for a term of three years. He now asks the Court to vacate, set aside, or correct his sentence. For the reasons stated below, the Court denies Dodd's motion.

**I.    BACKGROUND**

Dodd was a sales representative for Lorillard Tobacco Company. He deposited checks from Lorillard to retail establishments into his own personal bank account. His actions were discovered by company auditors. After being confronted, he complied with both company investigators and FBI agents. Dodd was assigned a federal public defender, Brian Witherspoon. He then waived indictment

---

[1] The extra day of imprisonment makes Dodd eligible for up to 54 days of credit on his sentence for good behavior in prison. 18 U.S.C. § 3624 only makes this available for a term of imprisonment of over one year.

1

and pled guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341. In the Stipulation of Facts Relative to Sentencing, Dodd agreed that he had converted checks totaling just over $300,000, excluding money that he refunded to the retail establishments for whom the checks were intended. (Stipulation of Facts, 4:03CR37JCH, Doc. No. 5, at 7-8). At the sentencing hearing, however, he stated that he takes "full responsibility for the crime that was done. . . . [but that he does] have a problem with the amount." (Sentencing Transcript, 4:03CR37JCH, Doc. No. 22, at 5-6). There were no objections to the presentence report, and the Court found the total offense level to be 13, with a criminal history category of I. (Id. at 3). The guideline range for this is 12-18 months. Mr. Witherspoon, Dodd's attorney, requested that the Court sentence Dodd below the guideline range because of his family situation. (Id. at 3-5). The Court sentenced him to the bottom of the guideline range, 12 months and one day, followed by a term of supervised release of three years.[2] (Id. at 8). Dodd appealed, but requested his appeal be dismissed without prejudice. (Letter, 4:03CR37JCH, Doc. No. 21). He filed the instant pro se § 2255 motion on July 16, 2003. He does not contest his guilt, only the amount of loss and the resultant sentence.

As grounds for his § 2255 motion, Dodd asserts that he received ineffective assistance of counsel; he alleges that:

(1) his counsel failed to request bank records to verify the amount of loss or discuss with Dodd the amount of loss;

(2) his counsel told him that the government had agreed not to object to Dodd's request for

---

[2] Relief under § 2255 is only available to prisoners in custody. 28 U.S.C. § 2255. The fact that Dodd is no longer incarcerated does not deprive the Court of jurisdiction. He was in prison when he filed the motion. "[T]he 'in custody' requirement of the habeas statute is satisfied as long as the petitioner was in custody at the time he filed his habeas petition." Lopez v. Heinauer, 332 F.3d 507, 510 (8th Cir. 2003).

2

>a downward departure in sentencing;

(3) his counsel failed to review the presentence report with him;

(4) his counsel failed to file an appeal.

## II.     STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

3

## III.   PROCEDURAL DEFAULT

Dodd requested his direct appeal to the Eighth Circuit be dismissed, and therefore did not raise any of the current claims on direct appeal. If a claim could have been raised on direct appeal, but was not, it cannot be raised in a § 2255 motion unless Movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 168 (1982); Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997); Schneider v. United States, 981 U.S. 989, 990 (8th Cir. 1992). If Movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person. . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the court that "it is more likely than not that no reasonable juror would have found movant guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327 (1995). See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion).

Movant's claim for ineffective assistance of counsel is not subject to procedural default because it could not have been raised on direct appeal. An ineffective assistance of trial counsel claim is "usually not cognizable on direct appeal 'because facts outside the record generally need to be developed to resolve the claim.'" United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (quoting United States v. Hawkins, 78 F.3d 348, 351 (8th Cir. 1996)). Thus, it is well-settled that an ineffective assistance of counsel claim is not cognizable on direct appeal if the issue has not been previously examined by the trial court. See e.g., Jones, 121 F.3d at 370 (citing United States v. Holy Bear, 624 F.2d 853, 856 (8th Cir. 1980)); United States v. Williams, 897 F.2d 1430, 1434 (8th Cir. 1990) ("Ordinarily we do not consider ineffective assistance of counsel arguments in direct appeals");

United States v. Long, 857 F.2d 436, 448 (8th Cir. 1988) (Bowman, J., concurring) ("It is both inappropriate and unwise for an appellate court to consider on appeal issues that the trial court has not had an opportunity to consider and with respect to which a record has not been developed"). Because this Court did not examine Movant's ineffective assistance of counsel claim in any trial or post-trial proceeding, the claim was not cognizable on direct appeal. Therefore, Movant's ineffective assistance of counsel claim is not procedurally barred, and may be decided by the Court in this § 2255 motion.

## IV. DISCUSSION

In order to prevail on an ineffective assistance of counsel claim, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Because Movant pled guilty, Movant must prove that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Mathews v. United States, 114 F.3d 112, 113-14 (8th Cir. 1997). In the sentencing context, "'[p]rejudice' requires a reasonable probability that the proceeding would have ended in a different result without counsel's errors." Auman v. United States, 67 F.3d

5

157, 162 (8th Cir. 1995). Failure to object at sentencing can be ineffective assistance of counsel. United States v. Ford, 918 F.2d 1343, 1350 (8th Cir.1990).

1.     **Amount of Loss**

The first argument that Dodd presents is that his counsel was ineffective for failing to verify the amount of loss by requesting Dodd's bank records or discussing the amount of loss with Dodd. Dodd writes:

> There was no question of guilt, only the amount of loss, and he failed to request bank records that would have shown the actual loss to Lorillard to have been between $60,000 - $105,000 with credits against the loss stated. Said credits would have dropped the offense level between the range of 8-12, allowing for a minimum sentence of 0-10 months, and allowing the court more flexibility in imposing a sentence, including probation.

(§ 2255 Motion, Doc. No. 1, at 3).

Mr. Witherspoon submits an affidavit, stating:

> 13. Dodd told me on a number of occasions while I represented him that he estimated that the total loss from his embezzlement was approximately $150,000. Under the Guidelines which were in effect at the time of Dodd's offense, if the amount of loss would have been reduced to an amount between $120,000 and $200,000, his offense level before consideration of acceptance of responsibility would have been reduced by one level to a total of 15. However, if Dodd's offense level would have been lowered to 15, his reduction for acceptance of responsibility would have been only two levels and, as a result, his total offense level would have remained at 13.
>
> 14. Under these circumstances, since Dodd never suggested to me that the amount of loss was below $120,000, there was no reason to obtain his bank records before entering into a plea agreement with the Government. Dodd never requested that I obtain his bank records or gave me any reason to believe that requesting his bank records would have been beneficial to him. Dodd also never was able to give me an explanation as to what he did with the money that he took from Lorillard.

(Affidavit, Doc. No. 6, attached exh., at 3-4).

As stated above, in order to prevail on an ineffective assistance of counsel claim, Dodd must

6

show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Upon consideration, the Court finds that Dodd's counsel was not deficient.

Dodd does not assert that he told his attorney that the loss amount was between $60,000 and $105,000, he only argues that his attorney should have requested the bank records. Under the facts as the Court sees them, his counsel reasonably believed that he had no reason to request the bank records. Mr. Witherspoon writes that Dodd told him the loss amount was $150,000. Dodd's base offense level is 6. U.S.S.G. § 2F1.1.[3] This is adjusted up by 8 points for a loss amount over $200,000, and an additional 2 points for more than minimal planning, for a total of 16 points. U.S.S.G. § 2F1.1(1)(I), (2). There is a 3 point reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. His final offense level is 13. If the loss level were only $150,000, the final result would be the same. The base offense level is still 6, adjusted up by 7 points for a loss amount over $120,000, and an additional 2 points for more than minimal planning, for a total of 15. U.S.S.G. § 2F1.1, (1)(I), (2). Under U.S.S.G. § 3E1.1, however, he would have only gotten a 2 point decrease for acceptance of responsibility, making his final offense level still 13.

Dodd here fails to meet the first prong of Strickland, he has not shown that his attorney was deficient in his representation.

## 2. **Government's Objection to Downward Departure**

Dodd next argues that his counsel was deficient for allegedly telling him that the government

---

[3] All citations to sentencing guidelines are to those in effect at the time of Dodd's embezzlement, the 2000 United States Sentencing Guidelines, available at http://www.ussc.gov/2000guid/tabcon00_2.htm (last visited February 23, 2006).

had agreed not to object to Dodd's request for a downward departure in sentencing. He maintains that Mr. Witherspoon told Dodd that "'the best thing was that at sentencing, he would ask the Court for mercy and the prosecution had agreed not to object, which meant no jail time.' . . . My understanding was that if I didn't object to the amount, the prosecution would not object to mercy, which in fact at sentencing, they did." (§ 2255 Motion, Doc. No. 1, at 4). In his affidavit, Mr. Witherspoon writes:

> 15. On numerous occasions, both before and after Dodd pled guilty, I told him that it was likely that he was going to go to prison because of the amount of the loss in his case and that the Government wanted him to go to prison. I explained how the Government determined the amount of the loss and what that meant in terms of the Sentencing Guidelines. I told Dodd that the only way to avoid the mandatory term of incarceration required by the Sentencing Guidelines was for the Court to grant Dodd a downward departure from the Guideline range.
>
> . . .
>
> 17. I requested that AUSA Muchnick agree not to object to a motion for downward departure filed by Dodd. AUSA Muchnick refused not to oppose such a motion, but he agreed to waive his office's usual objection to the filing of a downward departure motion which is normally contained in plea agreements entered into with the Government in this District and permit Dodd to seek a downward departure at sentencing.
>
> 18. I never told Dodd that if he agreed not to object to the amount of the loss, the Government would agree not to oppose his request for a downward departure. I never suggested to Dodd in any manner that the Government was not going to oppose his request for a departure. I told Dodd that although the Government had agreed to permit him to request a downward departure, it would oppose the downward departure request and would suggest to the Court that he would go to prison as required by the Sentencing Guidelines. Dodd never told me that he would not enter a guilty plea and would insist on going to trial if the Government would not agree to not oppose his request for a departure.

(Affidavit, Doc. No. 6, attached exh., at 3-4). The Court notes that at sentencing, Mr. Witherspoon requested a downward departure, and the government objected to it. (Sentencing Transcript, 4:03CR37JCH, Doc. No. 22, at 3-5).

8

Again, in order to prevail on an ineffective assistance of counsel claim, Dodd must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Upon consideration of the foregoing affidavit, the Court finds that Dodd's claims do not meet even the first prong of the Strickland test. With respect to counsel's allegedly deficient performance, as noted above, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. The Court finds that Mr. Witherspoon did not tell Dodd that if Dodd did not object to the amount, then the government would not object to a downward departure. Mr. Witherspoon's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and so his performance was not constitutionally deficient.

**3.     Review of Presentence Report**

Dodd asserts that his attorney was deficient because he did not review the presentence report with him. (§2255 Motion, Doc. No. 1, at 5). Mr. Witherspoon writes that he "reviewed the Presentence Report with Dodd over the telephone prior to his sentencing." (Affidavit, Doc. No. 6, attached exh., at 5). To prevail on an ineffective assistance of counsel claim, Dodd must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Dodd has shown nothing to explain how his attorney's alleged deficiency impacted the outcome of his case. Absent such specificity, he cannot demonstrate the prejudice required by Strickland.

**4.     Filing of Appeal**

Lastly, Dodd asserts that his attorney was deficient for failing to file an appeal or request for commutation of sentence, or otherwise communicate with him after sentencing. Dodd maintains that his attorney told him that "'we could appeal, but by the time the appeal is heard [you] would have served your sentence.'" (§ 2255 Motion, Doc. No. 1, at 6). Mr. Witherspoon writes that he "explained to Dodd that any petition for commutation of sentence has to be filed directly by the inmate." (Affidavit, Doc. No. 6, attached exh., at 5).

Once again, to prevail on an ineffective assistance of counsel claim, Dodd must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Even if Dodd had proved his attorney's performance here to be deficient, he has not shown any prejudice. Dodd himself filed an appeal, which had as its only ground ineffective assistance of counsel. He has also proceeded pro se in his § 2255 motion, and has done an impressive job of representing himself. Since Dodd has shown nothing to explain how his attorney's alleged deficiency impacted the outcome of his case, he cannot demonstrate the prejudice required by Strickland.

As Dodd has not proven that his attorney's performance was "deficient," and that the deficient performance was "prejudicial," his § 2255 motion is denied.

## V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 24th day of February, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE